IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,074-01






EX PARTE DOUGLAS WILLFRED MARCHAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO.9736-A IN THE 46TH DISTRICT COURT 

OF WILBARGER COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance in an amount of 400 grams or more
with intent to manufacture, and punishment was assessed at ninety-five years' confinement. 
Applicant's conviction was affirmed on appeal. Marchand v. State No. 07-00-0085-CR
(Tex. App. --Amarillo, delivered July 21, 2003, pet. ref'd.).

 Applicant contends inter alia that the indictment in his case was defective and void,
and failed to provide the defense with proper notice of the offense charged, that the legal
theory upon which he was convicted was impossible, that trial counsel was ineffective for
arguing a defense based on an outdated legal theory, that appellate counsel was ineffective
for raising issues based on the same outdated understanding of the law, and that the
prosecutor made a material misstatement of the law.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel, and appellate counsel and the prosecutor,
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether the indictment alleged that Applicant possessed more than 400 grams of
methamphetamine, or whether it alleged that he intended to manufacture more than 400
grams of methamphetamine. The court shall make findings as to what the substance other
than the pure methamphetamine that Applicant was shown to have possessed contained. The
court shall also make findings as to whether the degree of the offense of which Applicant
was convicted was based on the quantity of the manufactured methamphetamine, the quantity
of the chemicals used to manufacture the methamphetamine, the quantity of
methamphetamine that could have been manufactured from the chemicals in Applicant's
possession, or some combination of those quantities. 

 The trial court shall make findings as to whether the allegations contained in the
indictment were sufficient to apprise Applicant of the basis for determining the quantity of
a controlled substance that Applicant possessed with intent to manufacture. The court shall
make findings with respect to both Applicant's trial counsel and his appellate counsel, as to
whether each of them was aware that the definition of "controlled substance" at the time of
Applicant's indictment included the drug, adulterants, dilutants, and immediate precursors,
and as to whether each of them based their arguments on this fact. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus. 

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the indictment, judgment, excerpts of the
trial transcript, affidavits from counsel, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.